UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MARK HUGHES, RHONDA COOKSEY**                                                   **PLAINTIFFS**
**Each individually, and Behalf of all others**
**Similarly situated Plaintiffs,**

vs.                                    CASE NO. 5:13-CV-05032-JLH

**OZARK GUIDANCE CENTER, INC.,**                                                  **DEFENDANTS**
**THE OZARK GUIDANCE CENTER**
**FOUNDATION**

### PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

COME NOW the Plaintiffs, by and through the undersigned counsel of record, and hereby file their Motion for Attorneys' Fees and Expenses. As grounds, Plaintiffs state as follows.

**I.     INTRODUCTION TO THE MOTION**

1.      On or about December 18, 2014, Plaintiffs and Defendant Ozark Guidance Center, Inc. reached a tentative settlement in the above-referenced FLSA case, which stands to resolve claims for 24 class plaintiffs.

2.      Filed on that date, along with the Joint Motion to Approve Class Settlement, was Exhibit A, the Settlement Agreement between the parties. The Settlement Agreement lays out the terms of the settlement between the parties.

3.      This Honorable Court entered a December 22, 2014 Order setting said Joint Motion for hearing on February 15, 2015. The Court allowed until January 22, 2015 for Plaintiffs to file the present Motion for attorneys' fees and expenses.

4.      As per the Joint Motion and Settlement Agreement submitted by counsel, and agreed to between the parties, paragraph No. 8 states as follows:

> OGC shall also pay to Plaintiffs' counsel reasonable attorneys' fees, expenses[] and costs as authorized by 29 U.S.C. § 216(b) in an amount to be determined by the Court upon application by Plaintiffs. **<u>OGC will not oppose Plaintiffs' right to recover attorneys' fees, expenses and costs, or challenge the hours submitted by counsel,</u>** but it reserves the right to oppose a fee request it believes to be unreasonable and/or excessive in the circumstances.
> (Emphasis Added)

5. Per that agreement between the parties, Defendants have agreed to pay attorney fees and expenses to counsel for Plaintiffs, and have agreed **not** to challenge the hours submitted by counsel.[1] Counsel for Defendant can challenge the reasonableness of the hourly fee requested, if they think the requested fee is excessive.

6. Attached hereto as Exhibits A through Exhibit L are counsel's (and staff's) time for work related to this case. Moreover, attached hereto as Exhibits M and Exhibit N are counsel's expenses for the litigation of this case. The time and expenses attached are current to the time of this filing.

7. In the proposed Settlement Agreement, each class member will recover full overtime owed to them, plus liquidated damages.

## II.    THE LAW ON REASONABLENESS OF ATTORNEY FEES

8. As an initial point, Plaintiffs' counsel took the sole risk in this FLSA collective action – on a contingency fee – to investigate, file, litigate, retain experts, and resolve the case. Moreover, the right to overtime of all 24 class members would have been lost, but for the aggressive and protracted litigation by plaintiffs' counsel.

---

[1] The parties had discussed the rough amount of hours in the case by all counsel of record, including staff, prior to the execution of the December 18, 2014 Settlement Agreement.

9. The Eighth Circuit, and its Federal District Courts, has spoken on the issue of what a reasonable fee is for attorney work product, and the process the Court should use to approve such fee.

10. "The court [in a Fair Labor Standards Act] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). See Starks v. Harris Co., 2014 U.S. Dist. LEXIS 42206, 3, 122 Fair Empl. Prac. Cas. (BNA) 617 (E.D. Mo. Mar. 26, 2014).

11. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). This amount is referred to as the lodestar. See e.g. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010). "[The court does] not automatically accept the lawyer's rate as reasonable; [] [it] looks also to the ordinary fee for similar work in the community. Shakopee Mdewakanton Sioux Cmty. v. City of Prior Lake, Minn., 771 F.2d 1153, 1160 (8th Cir. 1985).

12. The court can consider the following factors: "(1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases." Zoll v. E. Allamakee Cmty. Sch. Dist., 588 F.2d 246, 252 n.11 (8th Cir. 1978).

13. **"The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole."**[2] Jenkins by Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997) (emphasis added). "If the plaintiff's success is limited, he is entitled only to an amount of fees that is reasonable in relation to the results obtained." Id.[3]

14. Hourly rates as high as $400.00 and $450.00 have been approved for experienced lawyers in the 8th Circuit. See West v. Matthews Int'l Corp., 2011 U.S. Dist. LEXIS 99705, 2011 WL 3904100, *4 (E.D. Mo. 2011) (cited in Starks v. Harris Co., 2014 U.S. Dist. LEXIS 42206, 5, 122 Fair Empl. Prac. Cas. (BNA) 617 (E.D. Mo. Mar. 26, 2014)); see also Betton v. St. Louis Cnty., No. 4:05CV01455 JCH, 2010 U.S. Dist. LEXIS 49312, 2010 WL 2025333, at *4 (E.D. Mo. May 19, 2010) (hourly rates of $400 and $450 allowed); Murphy v. Fedex Nat'l LTL, Inc., No. 4:07CV01247 JCH, 2009 U.S. Dist. LEXIS 56212, 2009 WL 1939957, at *3 (E.D. Mo. July 2, 2009) (hourly rate of $400 allowed). In 2009, the Missouri Court of Appeals affirmed an hourly rate of $400 for experienced counsel. See Alhalabi v. Mo. Dep't of Nat. Res., 300 S.W.3d 518, 531 (Mo. Ct. App. 2009).

15. Arkansas Federal Courts have also allowed similar hourly fees based on highly skilled legal work. See Bennett v. Nucor Corp.,[4] 2012 U.S. Dist. LEXIS 127914, 11-13, 2012 WL 3962459 (E.D. Ark. Sept. 10, 2012) (allowing $375/hour for two lawyers and $350/hour for another and commenting that "a local attorney possessing similar experience and skill would command an hourly rate of $375."); Brooks v. Little Rock School Dist., No. 4:07cv453 GTE

---

[2] It should be noted during the course of this litigation, Defendant changed its designation for para-professionals to "non-exempt" from overtime. As such, the subject litigation actually changed the exemption status for all para-professional employees, even those that did not opt in to the current case.

[3] In the present case, counsel is recovering the full amount of overtime each Plaintiff is entitled, plus liquidated damages.

[4] Bennett also awarded support staff fees per hour of $125. Other 8th Circuit cases address a support staff's right to recover hours worked. See Madden v. Lumber One Home Ctr., *Inc.*, 2013 U.S. Dist. LEXIS 183748, at *13. Moreover, the affidavit of John Holleman supports a request for $100 per hour for a support staff member. See Exhibit R.

(attorneys of Little Rock law firm charged hourly rates as high as $350); All-Ways Logistics, Inc. v. USA Truck, Inc., 2007 U.S. Dist. LEXIS 92037, 32-33, 2007 WL 4285410 (E.D. Ark. Dec. 4, 2007)(awarding $300 per hour for an experienced attorney).

16.     As noted above in Jenkins by Jenkins, the 8th Circuit believes "the magnitude of the plaintiff's success in the case as a whole" is the most important factor this Court should consider when deciding what a reasonable fee should be. See Jenkins by Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997).

17.     With that as a guidepost, Plaintiffs submit that the Settlement Agreement provided to this Court establishes that each and every class plaintiff -- based on the hard work (and contingency fee risk taken on) of Counsel for Plaintiffs -- will receive 100% of their past due overtime owed under the FLSA.  Thus, this case, relatively speaking, is as successful as it possibly could be.  Each Plaintiff will receive the overtime they deserved originally.

18.     Counsel has provided this Honorable Court work hours which establish the magnitude of the litigation, from a substantial work perspective.  The total hours expended on this complex case are 1,365.  Moreover, the Court should be aware that close to 15 depositions were taken in this case, as well as close to 8,000 documents produced and reviewed by the parties and experts.

19.     In fact, at the time of mediation, review of all documents produced was necessitated for all parties to forensically determine – over a 3 year period per class member – the amount of overtime each class member was entitled to, to the minute.  That forensic analysis, simply put, took tremendous time and tremendous detail-oriented project management.

20.     The experience, reputation and ability of the three lawyers working this case is significant in the present case.  Attached hereto are Exhibits O through Exhibit Q, are Affidavits

5

of counsel for the plaintiffs.  Said Affidavits (and the CVs attached) outline the experience, reputation and ability of each attorney requesting a fee in this case, and establish the number of complex class/mass/FLSA cases worked on in the past.  Together, the three lawyers in this case bring 47 years of litigation experience to the table, and each played a significant and vital role to the success of this case.

21. The Affidavits – which outline the tremendous experience, reputation and ability of each attorney -- speak for themselves.  But, by way of example, attorney Josh Wright has not only litigated mass tort, FLSA and class action cases for 16 years, but has also recovered millions upon millions of dollars for his clients in said cases.[5]

22. As noted in the Affidavit for Mr. Wright, he has tremendous experience and ability to work the subject case:

RECENT MAJOR VERDICTS OR SETTLEMENTS

- $22.7mm in mass tort products liability case
- $22.5mm in mass tort products liability case
- $18.1mm in mass tort environmental accident case
- $18mm in mass tort products liability case
- $17.3mm in commercial business dispute case
- $8.5mm in products liability and medical malpractice case
- $7.5mm in commercial business dispute case
- $3.76mm in personal injury case
- $3.75mm in mass tort products liability case
- $3.75mm in personal injury case
- $3.3mm in personal injury case
- $2.4mm in personal injury case
- $2.2 mm in personal injury case
- $1.6 mm in mass tort case

---

[5] Both attorney Josh Firth and Shawn Daniels have senior level status too, based on the type, amount and complexity of cases they have handled, and the results they have recovered for clients in their tenure.  See Aff. of Firth and Aff. of Daniels.

6

- $1.6 mm in commercial case

### CLASS ACTION/MASS TORT WORK

- Jefferson County Bond Suit – class filing involving roughly 350,000 households related to sewer debt issues in Jefferson County, Alabama
- Avis Rent-A-Car – class filing involving overcharging of fees in car rental agreements
- National Car Rental – class filing involving overcharging of fees in car rental agreements
- Traveler's Bank and Trust – class filing involving overcharging of fees in mortgage agreements
- Birmingham Fire Fighter Suit – represented FLSA collective action of Birmingham, Alabama Firefighters
- Ozark Guidance – represented FLSA collective action of Arkansas Para-professionals
- Averitt Express – investigation into FLSA violation; will be filed as a collective action under the FLSA
- Mississippi Finance – participated in mass and class cases on behalf of thousands of Mississippi consumers injured by various financing companies throughout the State of Mississippi
- General employment litigation – handled cases involving levels of discrimination or assault in the workplace over the last 16 years
- Vioxx mass tort litigation
- Stadol mass tort litigation
- Zyprexa mass tort litigation
- Avandia mass tort litigation
- Monsanto mass tort litigation
- Baycol mass tort litigation
- Oxycontin mass tort litigation

See Aff. Of Wright, including attached CV.

23.   Attorneys Wright, Daniels and Firth – as noted in the attached affidavits and CVs - - had tremendous experience, reputation and ability to take this case on from the start.  Such

7

characteristics ultimately helped plaintiffs recover 100% of the owed overtime for each class member, plus liquidated damages. All three lawyers are senior level, and have significant experience in class/FLSA/mass tort litigation.

24. The reasonable and accepted attorney fee in Arkansas for highly skilled attorneys working these type cases is also addressed in Exhibits R and Exhibit S.

25. First, Exhibit R is from attorney John Holleman of Little Rock, Arkansas. Mr. Holleman is licensed to practice law in Arkansas, and practices in both Federal Districts, as well as the 8th Circuit Court of Appeals. Mr. Holleman specializes, among other cases, in FLSA and class action law.

26. As noted in Mr. Holleman's affidavit, "[b]ased on my experience litigating wage-and-hour actions, I am familiar with the hourly rates typically charged by attorneys in class- and collective-action litigation." See Exhibit R, at 7. Mr. Holleman proffers that $350.00 per hour for experienced lawyers – in this type case -- is reasonable and common, as well as $275.00 and $200.00 for associate rates, and $100.00 for support staff and law clerks. See id.

27. Second, Exhibit S is an affidavit (used in a 2012 case in the Eastern District of Arkansas) from Arkansas attorney Eva Madison. Ms. Madison is a civil employment defense lawyer, not a plaintiff's lawyer. The affidavit was submitted in support of a Motion for Attorneys' Fees Pursuant to 28 U.S.C. Sec. 1927. As noted in the affidavit, "the hourly rates for all attorneys staffed on this case have already been reduced to reflect the market rates in Arkansas." See Exhibit S at par. 7. Ms. Madison further provides that the reasonable and market rate for an experienced lawyer is $350.00 per hour. See id., at par. 10.

28.     Based on both affidavits submitted in this case, $350.00 per hour is not an unreasonable request in the present case, and is supported by the market as an appropriate rate of pay for experienced litigators, like the three that lead the subject project for the Plaintiffs.

29.     As has been shown, Plaintiffs' counsel not only is substantially experienced in class/FLSA/mass tort litigation, but they have reached a tremendous result for the class plaintiffs in this case.  Moreover, as noted by case law, and the affidavits of the two lawyers submitted, attorney fees of $350 per hour are reasonable in this community.

### III.    THE LAW ON RECOVERY OF EXPENSES

30.     "[R]easonable out-of-pocket expenses of the kind normally charged to clients by attorneys," but not recoverable as "costs" under 28 U.S.C. § 1920, may be "included as part of the reasonable attorney's fees awarded."  Pinkham v. Camex, Inc., 84 F.3d 282, 294-95 (8th Cir. 1996); see also Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd., No. C00-35-LRR, 2004 U.S. Dist. LEXIS 10164, 2004 WL 1234130, at *6 (N.D. Iowa June 2, 2004) (Reade, C.J.) ("Reasonable out-of-pocket expenses incurred by an attorney which normally would be charged to a fee-paying client ordinarily are includable in a statutory award of fees.") (affirmed in part and reversed in part on other grounds at Tokyo Kikai Seisakusho, Ltd. V. United States, 529 F.3d 1352 (Fed. Cir. 2008)).

31.     Based on the foregoing, the Eighth Circuit clearly recognizes that where fees are to be awarded pursuant to federal statute, as is the case herein, such reasonable out-of-pocket expenses as incurred by the attorneys, which would be normally payable by the client, may be included in the fee award.  As such, Plaintiffs' counsel has herein delineated below (Section IV. Expenses) the expenses for each firm in prosecuting and litigating this case, which are both (1) low for the amount of work and effort involved in making a 100% recovery for all overtime owed,

plus liquidated damages, and (2) would be normal expenses incurred by a client in a contingency agreement and charged by counsel.

## IV. THE RELIEF REQUESTED

32. In summation, counsel requests that the Court award attorneys' fees and expenses as follows:

| ATTORNEY WORK (at $350/hour) | Hours Worked |
|---|---|
| Josh Wright | 381:36 (Exhibit A) |
| Shawn Daniels | 284:00 (Exhibit B) |
| Josh Firth | 202:36 (Exhibit C) |
| Total Hours: | 868:12 |
| Total Amount in Dollars: | $303,870.00 |

| STAFF WORK (at $100/hour): | |
|---|---|
| Kenyetta Knight | 207:11 (Exhibit D) |
| Therese Avant | 157:06 (Exhibit E) |
| Tyler Flores | 25:06 (Exhibit F) |
| Rayonna Dorsey | 0:30 (Exhibit G) |
| Amber Knight | 5:37 (Exhibit H) |
| Laura Cole | 5:03 (Exhibit I) |
| Diane Barr | 51:05 (Exhibit J) |
| Laura Riedinger | 44:35 (Exhibit K) |
| Jennifer Young | 1:30 (Exhibit L) |
| Total Hours: | 497:43 |
| TOTAL Amount in Dollars: | $49,770.00 |

EXPENSES

| | |
|---|---|
| Hollis, Wright, Clay & Vail, P.C. | $24,728.98 (Exhibit M) |
| Hare, Wynn, Newell & Newton, P.C. | $ 3,715.99 (Exhibit N) |
| Total: | $28,444.97 |

WHEREFORE, PREMISES CONSIDERED, the undersigned respectfully request that this Honorable Court grant the subject Motion – granting Plaintiffs' counsel's request for attorney fees and expenses as noted herein.

Respectfully submitted this the 22nd day of January, 2015.

>/s/ Josh J. Wright
> Josh J. Wright
> AL Bar No. ASB-4891-W51J
> Hollis, Wright, Clay & Vail, P.C.
> 2201 Morris Avenue
> Birmingham, AL 35203
> T: (205) 324-3600
> F: (205) 324-3636
> joshw@hollis-wright.com
>
>
> Shawn B. Daniels, ABA #99216
> Hare, Wynn, Newell, Newton, LLP
> 129-A West Sunbridge Drive
> Fayetteville, AR 72703
> T: (479) 521-7000
> shawn@hwnn.com
> Attorneys for Mark Hughes, Rhonda Cooksey,
> Each Individually, and on Behalf of All
> Class Members

## CERTIFICATE OF SERVICE

      I, Josh Wright, hereby certify that on this 22nd day of January, 2015, I have served a true and correct copy of the foregoing upon the below-named individuals by filing same with the Court using the Court's CM/ECF system, which will serve electronic notice of this document on the following participants in the CM/ECF system:

Michael R. Jones  
Christopher F. Woomer  
GILKER AND JONES, A Professional Association  
9222 North Highway 71  
Mountainburg, Arkansas 72946  
Telephone: (479) 369-4294  
Facsimile: (479) 369-2032  

John R. Eldridge, III  
Rebecca L. Price  
ELDRIDGE LAW FIRM  
P.O. Box 580  
Fayetteville, Arkansas 72702-0580  
Telephone: (479) 443-0908  
Email: johne@eldridgelawfirm.com  
Rebecca@eldridgelawfirm.com  

                                            */s/* Josh J. Wright  
                                            Of Counsel