IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MARK HUGHES and RHONDA COOKSEY,**
each individually and on behalf
of all other similarly situated plaintiffs                                    PLAINTIFFS

v.                          Case No. 5:13-CV-05032

**OZARK GUIDANCE CENTER, INC.**                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

On February 5, 2015, the parties came before the Court for a hearing regarding final approval of the proposed settlement of this case pursuant to the Fair Labor Standards Act ("FLSA"). At the hearing, the Court also addressed Plaintiffs' Motion for Attorneys' Fees and Expenses (Doc. 80) and Defendant's Response (Docs. 81-82).

The Court began the hearing by making specific inquiries of counsel regarding the procedure by which the class was provided notice of the claims in this matter, the class's response to the notice, and the nature of any objections or concerns regarding opt-in procedures. Plaintiffs' counsel then recited for the Court's benefit a summary of the procedural history of the case since conditional certification, as well as an explanation of how the parties came to agree on a settlement. Finally, the Court addressed the issue of Plaintiffs' Motion for Attorneys' Fees and Expenses, which was contested by Defendant.

After providing both parties the opportunity to make oral argument, the Court made certain rulings from the bench, all of which are memorialized in this Order. To the extent that the terms of this Order conflict with what was announced from the bench, this Order will control.

## I.  BACKGROUND

The parties filed a Joint Motion for Settlement (Doc. 78) of this FLSA collective action on December 18, 2014. Plaintiffs alleged that Defendant failed to pay overtime compensation to employees classified as Mental Health Paraprofessionals ("MHPP"). Defendant denied violating the FLSA and contested all claims asserted in the Complaint. After engaging in discovery, multiple settlement discussions, and a structured mediation, the parties negotiated a settlement and presented it to the Court for preliminary approval.

On December 22, 2014, the Court issued an Order (Doc. 79) granting the preliminary approval of the settlement, subject to further consideration at the final approval hearing.  The Court observed in its Order that after conditional certification of a collective action was granted, Court-approved notice was sent to all those who met the class definition, and 36 individuals initially filed consents to join.  Following class discovery, and through natural attrition by virtue of the litigation process, 24 opt-in plaintiffs remained in the case at the time of settlement.

The Settlement Agreement (Doc. 78-1) contemplates a total maximum settlement award of $450,000.00 to be shared among the remaining 24 class members.  Each class member's check is to include payments for both overtime compensation and liquidated damages.  The Settlement Agreement also contemplates Defendant's payment of an award of attorney fees to class counsel in an amount to be determined by the Court.  The payment of these attorney fees will not undercut the $450,000.00 total settlement to be distributed to the class; however, an award of reasonable costs and expenses to class

counsel could be, but does not have to be, paid on a pro-rata basis from the liquidated-damages portions of the class members' settlement checks.[1]

The Court will now analyze whether to grant final approval to the settlement and award class counsel the fees and costs they request.

## II.  DISCUSSION

### A.  Final Approval of FLSA Settlement

Based on the Court's review of the Settlement Agreement (Doc. 78-1) and the arguments of counsel during the final approval hearing, the Court makes the following findings:

1. Plaintiffs and Defendant engaged in a bona fide dispute that was contested, litigated, and ultimately settled as a result of arms-length negotiations, including a structured mediation process.

2. The Settlement Agreement is fair, just, reasonable, and adequate to the class and thus merits final approval.

3. The notice and opt-in procedures approved by the Court and distributed to the class comported with due process and appropriately informed the class as to the claims at issue.

4. Class counsel fairly and adequately protected the interests of the class.

5. Twenty-four class members are to be included in the final settlement of claims and will share in the total settlement award.  Upon confirmation that

---

[1] Plaintiffs seek reimbursement of $28,444.97 in litigation costs and expenses.  Only the amount incurred which is not ordered reimbursed is subject to pro-rata recovery from the class members.

funds have been distributed by Defendant, the Court will dismiss with prejudice all claims brought by these 24 class members.

6. Four individuals—Brittany Beavers, Richard Henry, Darnell Rice, and Randy Robertson—were classified as non-exempt at all relevant times and did receive overtime for hours worked over 40 hours per week. Therefore, these four individuals will be dismissed without prejudice from the lawsuit.

Accordingly, the parties' settlement is **GRANTED FINAL APPROVAL** by the Court subject to counsel's completion of the following procedures:

1. Class counsel shall draft a "settlement distribution statement" that will be customized to each of the 24 class members.

2. Each such settlement distribution statement must include: (a) the total settlement amount Defendant agrees to pay the class as a whole, $450,000.00; (b) a statement to the effect that the Court finds the proposed settlement payment to each class member properly represents a complete recovery of both overtime wages and liquidated damages according to law; (c) the proposed total settlement amount for that class member, including a breakdown of the total estimated overtime wage payment and total estimated liquidated damages payment for each class member, as well as a detailed explanation as to the methodology used in calculating those amounts; (d) the total amount of attorney fees and expenses that Defendant expects to pay in settlement of this matter; (e) a brief one-paragraph release acknowledging that this settlement discharges Defendant from any potential liability for FLSA

and Arkansas Minimum Wage Act claims brought by class members; and (f) the class member's signature and date.

3. After all 24 class members' settlement distribution statements have been signed and received by class counsel, the statements are to be forwarded to Defendant's counsel, who will then notify his client in writing that all statements have been received.

4. Defendant will then have 14 days from the date it receives notification of the receipt of the settlement distribution statements to mail individual checks to the 24 class members for overtime-related settlement payments and to mail a separate check to class counsel to cover all liquidated damages payments to the class members.

5. Class counsel is to file a notice on the public docket to advise the Court as to when settlement funds have been fully distributed by Defendant.  At that time, the Court will enter a final order of dismissal with prejudice, and will dismiss all other pending motions as moot.  In addition, the Court in its discretion will retain jurisdiction to resolve any disputes that may arise as to the performance, validity, interpretation, administration, enforcement, or enforceability of the settlement.

### B. Motion for Attorneys' Fees and Expenses

Having evaluated class counsel's Motion for Attorneys' Fees and Expenses (Doc. 80), Defendant's Response (Docs. 81-82), and the exhibits submitted at the hearing on January 5, 2015, the Court has determined a reasonable award of fees and costs in this matter.

The Settlement Agreement contemplates Defendant paying the full amount of reasonable attorney fees and costs awarded to class counsel, with the payment of fees and costs made in addition to any settlement payments Defendant makes to the members of the collective action. *See* Doc. 78-1, p. 4. The Court has considered the following factors set forth by the Arkansas Supreme Court in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229-30 (1990), and cited to with approval by the Eighth Circuit, *see All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 521 (8th Cir. 2009): the amount of time counsel invested in the lawsuit; the appropriateness of counsel's rates, given the experience and ability of the attorneys; the time and labor required to perform the legal services properly; the amount potentially at issue in the case; the results obtained; the novelty and difficulty of the issues involved; and the prevailing rate customarily charged in this area for similar legal services.

Class counsel obtained a favorable result for the collective action plaintiffs by settling the case for 100% of the overtime wages the workers could have recovered had the matter proceeded to jury trial. Further, class counsel's risk in taking this case on a contingency-fee basis was rewarded when Defendant, in the course of the litigation, changed its company-wide policy and began classifying MHPPs as non-exempt, rather than exempt. Going forward, all MHPPs will be entitled to overtime compensation. This is a significant result obtained through class counsel's efforts in this lawsuit.

In addition, the Court finds that the issues in this case were complex, as the amounts of overtime claimed by the class plaintiffs were not easily discerned, due to issues surrounding how overtime compensation was internally recorded within the company. MHPPs were required to fill out time sheets by hand. A computer program was also used

by MHPPs to log hours worked or tasks completed.  The task of reconciling the handwritten time sheets and the computer reports fell to counsel and their staff, and that work was apparently time-consuming and tedious.  Due to counsel's detailed analysis of the documents, it became possible to realistically establish the parameters of the proposed settlement fund and negotiate a final settlement favorable to the class and acceptable to Defendant.

Turning now to the issue of counsel and their staff's hourly rates in relation to the prevailing rate in Northwest Arkansas, it appears as a preliminary matter that Defendant does not dispute that class counsel and their staff actually expended the number of hours claimed in the Motion for Fees.  Specifically, attorneys Josh J. Wright and Shawn B. Daniels billed 381.36 hours and 284.00 hours, respectively, to the case.  Both Mr. Wright and Mr. Daniels are experienced attorneys who have handled a number of complex civil matters in a variety of jurisdictions.  Mr. Wright has practiced law for 16 years, and Mr. Daniels has practiced law for 24 years.  In addition, attorney Joshua L. Firth billed 202.36 hours to the case.  Mr. Firth has eight years of experience in complex civil matters and is an associate, rather than a partner, in Mr. Wright's law firm.

The Court finds that the prevailing rate customarily charged in Northwest Arkansas for counsel like Mr. Wright and Mr. Daniels, with similar experience and in matters of a similar level of complexity, is $275.00-$300.00 per hour.  The prevailing rate charged by associates like Mr. Firth, with similar experience and in matters of a similar level of complexity, is $250.00 per hour.  The Court will apply the high end of the range—an hourly rate of $300.00—for Mr. Wright and Mr. Daniels, considering the extremely positive result they were able to achieve for their clients on a contingency basis.  Therefore, the Court

awards Mr. Wright $114,408.00 in attorney fees (381.36 hours at $300.00 per hour), Mr. Daniels $85,200.00 in attorney fees (284.00 hours at $300.00 per hour), and Mr. Firth $50,590.00 (202.36 hours at $250.00 per hour).

The Court has received detailed information concerning the experience and qualifications of the non-attorney staff members who billed time to this matter on Plaintiffs' behalf. Additional evidence was introduced during the motion hearing regarding these staff members, and the Court acknowledges that most of the non-attorney time billed in this case was done by seasoned paralegals or legal secretaries. Considering the experience of these staff members, the Court finds that a rate of $50.00 per hour is reasonable and appropriate and therefore awards a total of $24,871.50 for the time of the nine staff members listed in the Motion for Fees (497.43 total hours at $50.00 per hour).

Finally, with respect to costs and expenses, the Court finds that the costs claimed in the Motion for Fees are, for the most part, quite well-documented. An award of $20,000.00 in costs and expenses is reasonable considering the number of hours invested in the case by the attorneys and their staff, the complexity of the issues involved, and the fact that the litigation took place over the course of two years and was settled through a structured mediation process.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that **FINAL APPROVAL** of the parties' settlement is **GRANTED**. The Court retains jurisdiction to resolve any disputes that may arise as to the performance, validity, interpretation, administration, enforcement, or enforceability of the settlement in this case. This case will be dismissed with prejudice by separate order once

counsel for Plaintiffs have filed a notice confirming that the procedures outlined in this Order regarding distribution of settlement funds and signing of releases have been complied with fully. Once the notice is filed, the Court will dismiss with prejudice all claims brought by the 24 class members named in the Settlement Agreement (Doc. 78-1) and dismiss without prejudice the claims of Brittany Beavers, Richard Henry, Darnell Rice, and Randy Robertson, who were classified as non-exempt at all relevant times.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorney Fees (Doc. 80) is **GRANTED IN PART AND DENIED IN PART** as follows: class counsel are awarded a total of $275,069.50 in fees, as set forth in greater detail above, and $20,000.00 in costs and expenses. These sums are payable by Defendant directly to class counsel.

**IT IS SO ORDERED** this 11th day of February, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE